IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO. 9:08-cr-00046-TH-JDL |
| | § | |
| TIMOTHY CASPER | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 11, 2014 the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth R. Hawk.

On November 12, 2009 Defendant was sentenced before The Honorable Thad Heartfield of the Eastern District of Texas after pleading guilty to the offense of Possession of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 27 and a criminal history category of I, was 70 to 87 months. Timothy Casper was sentenced to 70 months confinement followed by 5 years of supervised release, subject to the standard conditions of release, plus special conditions to include standard sex offender conditions, mental health treatment, no contact with minors, no access to the internet, and no sexually explicit images or venues. On November 8, 2013, Timothy Casper completed his period of imprisonment and began service of the supervision term.

In pertinent part, under the terms of supervised release, Defendant was to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; Defendant was not to associate with any persons engaged in criminal activity, and was

not to associate with any person convicted of a felony unless granted permission to do so by the probation officer; and the defendant was not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct, as defined in 118 U.S.C. 2256(2)(A) and not limited to the sexual exploitation of children. In its petition, the government alleges Defendant, after having failed polygraphs on October 5, 2014 and October 22, 2014, admitted to viewing pornography. On November 20, 2014, the Defendant was confronted about associating with convicted felons, and he admitted he had been associating with Raymond Lemaire, a person convicted of a felony, at the Defendant's residence. Furthermore, Defendant admitted to viewing a nude photograph of a coworker's girlfriend on his coworker's cellular telephone, to watching a pornographic movie for an hour at work, and to watching a movie at home that contained nudity.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Timothy Casper violated conditions of supervision by viewing sexually explicit images on at least three occasions, not answering truthfully all inquiries by the probation officer, and associating with a convicted felon without the permission of the U.S. Probation Office, Timothy Casper will be guilty of committing a Grade C violation. U.S.S.G. § 3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. §7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history of category I, the guideline imprisonment range is three to nine months.

At the December 11, 2014 hearing, Defendant pled true to the allegation that Defendant associated with a person convicted of a felony without the permission to do so by the probation officer. The government recommended that Defendant Timothy Casper be committed to the

custody of the Bureau of Prisons for 5 months imprisonment with 3 years supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Timothy Casper be committed to the custody of the Bureau of Prisons for 5 months imprisonment with 3 years supervised release to follow.  The Court also **RECOMMENDS** that the place of confinement be Seagoville FCI.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Thad Heartfield for adoption immediately upon issuance.

**So ORDERED and SIGNED this 12th day of December, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE